# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PHILLIP B. KELLER,

       Petitioner,

v.                                                  Case No. 19-C-112

BRIAN FOSTER, Warden,

       Respondent.

## ORDER

Phillip Keller[1] has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254,[2] challenging an administrative decision revoking his extended supervision and returning him to prison. ECF No. 1. Keller has also since filed a motion to appoint counsel. ECF No. 17. In response to Keller's petition, the state has filed a motion to dismiss. ECF No. 11. Because he has not presented his claims through a complete round of state-court review and the time for doing so has elapsed, Keller has procedurally defaulted his claims and I dismiss his petition.

## I. BACKGROUND

Petitioner was convicted on August 25, 2000, of burglary and related charges. ECF No. 1-1 at 2. Petitioner was also convicted of throwing or expelling bodily fluids as a prisoner on January 17, 2003. *Id.* Petitioner was released from prison on extended

---

[1] Keller is proceeding *pro se*. I have done my best to construe his filings liberally. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004).

[2] The form that Keller used is for habeas petitions under 28 U.S.C. § 2241, *see* ECF No. 1 at 1, however since Keller is in state custody, § 2254 is the proper vehicle and I will construe his petition as brought under § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir. 2000) (explaining differences between Sections 2241, 2254, and 2255); 28 U.S.C. § 2254 ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a *State court*…") (emphasis added).

supervision on October 21, 2017. *Id.* On August 17, 2018, an administrative law judge found that petitioner violated the rules of his supervision by absconding, leaving the state without permission, threatening another individual with a knife, and using methamphetamine. *Id.* at 1. The ALJ revoked his supervision and ordered him returned to prison for a period of roughly three-and-a-half years. *Id.* at 2-3. This decision was upheld by the Division of Hearings and Appeals on September 26, 2018. *Id.* at 4-5.

Keller challenged this revocation order by petitioning for certiorari review in the Outagamie County Circuit Court. *Id.* at 6. The court's order, signed October 22, 2018, mistakenly stated that Keller's administrative appeal had not yet been resolved and therefore, Keller had not exhausted his administrative remedies. *Id.* On this basis, the court denied Keller's petition as premature. *Id.* at 6-7 ("[Keller] must wait for Administrator Hayes's decision and can refile his petition in the event that Administrator Hayes denies his appeal."). Keller does not appear to have refiled his petition or appealed its denial. *See* ECF Nos. 12-1 & 12-2. On January 18, 2019, Keller filed his habeas petition, challenging the revocation of his supervision. ECF No. 1. Specifically, Keller alleges that (1) he did not knowingly or intelligently waive his right to a preliminary hearing and (2) counsel for revocation; (3) he made a timely request to withdraw any such waiver; (4) the ALJ did not rely on proper information; (5) Keller's due process rights were violated; and (6) his sentence was miscalculated. *Id.* at 10-13.

## II. ANALYSIS

### A. Appointment of Counsel

Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court

2

must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

The first inquiry notwithstanding, I am satisfied that Keller has been able to competently litigate the case. The issues he raises and the procedural default problems posed by his petition are not so complicated that appointment of counsel is required or necessary. Therefore, I will deny Keller's motion to appoint counsel.

**B. Procedural Default**

A habeas petitioner is obligated to exhaust his state court remedies before seeking relief in habeas corpus, which includes fairly presenting federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Fair presentment requires asserting federal claims through one complete round of state-court review, (either on direct appeal of a conviction or in post-conviction proceedings), meaning that the petitioner must raise the issue at each level in the state court system or else he has procedurally defaulted that claim. *Id.* at 1025-26 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848-49 (1999)). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for *and* prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.* at 1026 (citations omitted). Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts, while prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Id.* (citations and quotations omitted). Alternatively, in order to show that a miscarriage of justice would result if

3

habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted. *Id*. These rules apply in the revocation context. *See*, *e.g.*, *Anderson v. Benik*, 471 F.3d 811 (7th Cir. 2006).

Here, petitioner has not presented his claims through a complete round of state-court review and, as the state points out, is almost certainly time-barred from doing so. *See*, *e.g.*, *Sanders v. Paquin*, 2009 WL 2450362, at *4 (W.D. Wis. Aug. 7, 2009). Keller petitioned for certiorari review in the Outagamie County Circuit Court but, despite the dismissal order being based on clearly erroneous grounds, did not appeal that order nor did he re-file his petition as the court indicated. *See* ECF No. 1-1 at 6 ("[Keller] can refile his petition in the event that Administrator Hayes denies his appeal."). Further, I cannot identify an applicable exception to the procedural default bar. There is no indication that foreclosing habeas relief here would meet the very high standard for a "miscarriage of justice." *See Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016) (explaining miscarriage of justice standard). Nor has petitioner shown cause and prejudice necessary to overcome a procedural default.

Keller argues that ineffective assistance of counsel was the reason for his default. ECF No. 16 at 5-6. But to use independent claims of ineffective assistance of trial and/or appellate counsel as cause to excuse a procedural default, petitioner was required to raise those claims through one full round of state court review, or face procedural default of those claims as well. *Gray v. Hardy*, 598 F.3d 324, 330 (7th Cir. 2010). *See also Maldonado v. Raemisch*, 2010 WL 3730974, at *4 (W.D. Wis. Sept. 20, 2010) ("[Petitioner] contends that his cause for defaulting on these claims was ineffective assistance of his counsel during the revocation proceedings, but ineffective assistance of counsel cannot serve as cause to excuse procedural default in a § 2254 proceeding unless the claim of ineffective assistance of counsel has been raised before

4

the state courts."). There is no indication that petitioner has presented an ineffective assistance of counsel claim to the state courts, either.

Thus, I find Keller has procedurally defaulted his claims and find no basis to excuse his default. For this reason, I grant respondent's motion and dismiss Keller's petition. Because Keller's petition relates to actions taken by the department of corrections, as opposed to challenging his original convictions, he does not need a certificate of appealability. *See Anderson*, 471 F.3d at 814 ("Because [petitioner] is challenging the actions of corrections officials, rather than his conviction or sentencing in state court, we determined that [he] did not need a COA.").

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Keller's motion to appoint counsel (ECF No. 17) is **DENIED**. **IT IS FURTHER ORDERED** that respondent's motion to dismiss (ECF No. 11) is **GRANTED** and Keller's petition for a writ of habeas corpus is therefore **DISMISSED**. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge